THOMAS WOODS *v.* MCKINNEY SHELTON *et al.**

(*Knoxville.*    September Term, 1912.)

1. **WILLS.**  **Wife's will, made without husband's consent, is en-**
   **titled to probate, if disposing of some property that he is not**
   **entitled to.**

   Where a wife's will, made without her husband's consent, dis-
   posed of property other than that to which the husband would
   be entitled by virtue of his marital rights, its probate is proper,
   and will not be vacated, since it is only where all the property
   disposed of by a wife's will, made without the husband's con-
   sent, is such as the husband has the right to reduce to posses-
   sion, that probate can be resisted. (*Post, pp.* 611, 612.)

2. **SAME.**  **Probate of wife's will does not defeat his martital**
   **rights.**

   The mere probate of the will of a wife does not defeat the hus-
   band's marital rights.  (*Post, p.* 612.)

   Case cited and approved:  Williford v. Phelan, 120 Tenn., 589.

3. **SAME.**  **Wife's will as to general estate in personalty must be**
   **consented to by her husband to exclude him; otherwise as to**
   **separate estate.**

   A married woman has the absolute power, by will, without the
   consent of her husband, to dispose of her personal property
   held as her separate estate; but she cannot dispose of her
   general estate in personalty, without her husband's consent to
   the particular will, either verbal or in writing, express or im-
   plied.  (*Post, p.* 612.)

4. **SAME.**  **Husband's consent to wife's will may be given before**
   **or after her death; and is irrevocable after probate of will.**

   The husband's consent to his wife's will disposing of her general
   estate in personalty may be given in wife's lifetime, or after her
   death; and after the probate of the will, it is irrevocable and
   binding upon him.  (*Post, p.* 612.)

   *As to sufficiency of husband's consent to wife's will, see note
   in 37 L. R. A. (N. S.), 1133.

Woods v. Shelton.

Cases cited and approved: Van Winkle v. Schoenmaker, 15 N. J. Eq., 384; Kurtz v. Saylor, 20 Pa., 209; Cutter v. Butler, 25 N. H., 343; George v. Bussing, 54 Ky. (15 B. Mon.), 558.

5. **SAME. Acts and conduct of husband after wife's death and before probate of her will constituting a waiver of his marital rights and his assent to will.**

Where, after the death of his wife, the husband, after being informed for the first time that she had made and published a will disposing of her entire estate, called at the office of the clerk of the county court, where it was filed, and read it; and, thereafter and before its probate, delivered to the nominated executor a bank book and some other papers belonging to his wife, and, in company with him, deposited all her valuable papers in a bank for safe-keeping until the probate of the will, and expressed a willingness that the wishes of his wife be carried into effect; and later, but before the probate, wrote to certain legatees, expressing his gratification over the legacies, and informed them of the time when a division of the property might be expected, it was *held* that such acts and conduct constituted a waiver of his marital rights and an assent to the will, which he could not withdraw after its probate, upon the ground that he was then ignorant of his right to administer the estate and to reduce the *choses* in action to possession, because such ignorance was ignorance or mistake of law, unmixed with any mistake of fact, which excuses no one. (*Post, pp.* 610, 611, 612, 613.)

Cases cited as inapplicable: Goff v. Gott, 5 Sneed, 562; Hays v. Bright, 11 Heisk., 330.

6. **SAME. Husband's acceptance of wife's devise constitutes his assent to her will of choses in action.**

Where a wife's will, made without her husband's consent, devised to him certain real estate in which he had no marital right or other interest, his acceptance of the devise constituted an assent to the will as a whole, though disposing of her *choses* in action; for a beneficiary of a will, accepting provisions in his favor, cannot reject those which are prejudicial to him. (*Post, p.* 613.)

7. **SAME. Same. Husband's acceptance of wife's devise constitutes his election, and waives right to administer upon and appropriate personalty and choses in action bequeathed to others.**

Where the husband is not entitled to curtesy in his wife's land, she has an absolute right to devise the land to him, though if she bequeaths her personalty and *choses* in action to others, without his consent to the will, he has the right to administer upon her estate and to reduce to possession and appropriate the same; but if he accepts the devise of the land, it amounts to a clear case of election, and constitutes his assent to the disposition of the personalty and *choses* in action, and a waiver of his right to administer upon and appropriate it. (*Post, p.* 613.)

FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County.—T. M. McConnell, Chancellor.

Coleman & Frierson, for complainant.

White, Martin & White and Wheeler & Trimble, for defendants.

Mr. Chief Justice Shields delivered the opinion of the Court.

Complainant, Thomas Woods, suing as the special administrator of his deceased wife, Mrs. Alice Woods, brings the bill in this case against McKinney Shelton, the executor of the decedent, to recover certain *choses* in action, consisting of certificates of deposit in banks and promissory notes, the general estate of the decedent,

126 Tenn. 39

not reduced to possession by complainant previous to her death, of the value in the aggreate of about $2,250.

McKinney Shelton, as executor, answers, and says in defense that complainant waived his marital right to administer and reduce said assets to possession, and consented to the disposition of them made by his wife, which action, since the probate of the will, is binding upon him, and, further, that complainant elected to take under the will by accepting a devise made therein to him, and thereby consented to all its provisions, and cannot now be heard to attack any of them.

The facts disclosed in the record are as follows: Mrs. Alice Woods owned certain real estate, a lot, in Chattanooga, valued at $150, and had deposited in banks in that city about $2,000, and held notes on different persons, in all about $250, all her general estate, none of which had been reduced to possession by her husband, Thomas Woods. A few days previous to her death, June 10, 1910, without the knowledge and consent of her husband, she made and published a will, devising the real estate to her husband, and her personal estate to her brothers and sisters; the largest legacy, $600, being given to her sister, Mrs. Little. In a day or two after her death, complainant was informed of the execution of the will, and called at the office of the county court clerk, where it had been filed, about June 14, and read it. It was probated in common form July 4. Previous to the probate, but after he had read the will and knew its contents, complainant delivered a passbook, evidencing a deposit in a bank, and some other papers belonging to

his wife, to the executor, and, in company with him, deposited all the valuable papers of the testatrix in a bank for safe-keeping until the will should be probated, and expressed a willingness that the wishes of his wife be carried into effect.    On June 21 he wrote to Mr. Little, his brother-in-law, and expressed his gratification over the legacy of $600 to his wife, and on July 1 to Mrs. Little, stating that the assets had been deposited in a bank for safe-keeping, and that after July 5 there would be a division made according to the will.   He also accepted the devise made to him.   He says that when he did these things he believed that his wife had the right to dispose of the property by will, and that he was ignorant of his marital rights in the premises.   After the will was probated he consulted counsel, and, being advised that he had the right to the general personal estate of his deceased wife, he filed a petition to have the probate of the will vacated and himself appointed administrator.   The county court was of the opinion that, since the will disposed of other property than that which complainant would be entitled to by virtue of his marital rights, it was properly probated, but appointed complainant special administrator, with authority to collect, reduce to possession, and appropriate to his own use the *choses* in action of his deceased wife, and this suit was brought.

The action of the county court in refusing to vacate the probate, and in appointing complainant special administrator for the purposes stated, was correct; and complainant may, as such special administrator, sue for

and recover any of the assets of his deceased wife to which he may be entitled. It is only where all the property disposed of by the will of the wife, made without the consent of the husband, is such as the husband has the right to reduce to possession, that probate can be resisted. The mere probate of the will of the wife does not defeat the husband's marital rights. *Williford* v. *Phelan,* 120 Tenn., 589, 113 S. W., 365.

The law of Tennessee in regard to the power of a married woman to dispose of her personal estate by will is well settled. She has the absolute power to dispose of personal property held as a separate estate without the consent of her husband. It is otherwise as to her general estate. In order to make a valid will of it, the husband must consent to the particular will made. His consent may be written or verbal, and express or implied; but it must amount to a waiver of his marital right to the property disposed of. It may be given in the lifetime of the wife, or after her death, and after probate of the will it is irrevocable and binding upon him. Pritchard on Wills and Administration, sec. 84; Page on Wills, sec. 89; *Van Winkle* v. *Schoonmaker,* 15 N. J. Eq., 384; *Kurtz* v. *Saylor,* 20 Pa., 209; *Cutter* v. *Butler,* 25 N. H., 343, 57 Am. Dec., 331; *George* v. *Bussing,* 54 Ky. (15 B. Mon.), 558.

We are of the opinion that the complainant, by his action and conduct after the death of his wife, with full knowledge of the disposition she had made of her property, waived his marital rights and assented to her will, and that after the probate he could not withdraw his

Woods v. Shelton.

consent.  We do not think the fact that he was ignorant of his right to administer and reduce the *choses* in action to possession can relieve him.  It was ignorance or mistake of law, unmixed with any mistake of fact, which excuses no one.  For this reason the cases of *Goff* v. *Gott,* 5 Sneed, 562, and *Hays* v. *Bright,* 11 Heisk., 330, do not here apply.

We are also of the opinion that the action of complainant in accepting the devise of the real estate made to him was an assent to all the provisions of the will, and he cannot now controvert any of them.  A beneficiary of a will must accept all its provisions, or reject them all.  He cannot elect to take those which are in his favor, and reject those which are prejudicial to him. Underhill on the Law of Wills, sec. 726; Jarman on Wills, vol. 1, p. 415.

The testatrix had the absolute right to devise the real estate given her husband, as he had no curtesy in it. The personal property which the testatrix devised, it is true, was not that of her husband; but he had the right to administer upon her estate, reduce to possession and appropriate the property.  When he accepted the devise of the real estate, he assented to the disposition made of the personal estate, and thus waived his right to administer upon and appropriate it.  This is a clear case of election, and the complainant is bound by his action.

The decree of the chancellor, dismissing complainant's bill, will be affirmed, with costs.